IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| SIG SAUER, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cv-00147-PB |
| | ) | |
| B. TODD JONES | ) | |
| Director, | ) | |
| Bureau of Alcohol, Tobacco, Firearms | ) | |
| And Explosives | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

The defendant, B. Todd Jones, in his official capacity as the Director of the Bureau of

Alcohol, Tobacco, Firearms and Explosives, answers and otherwise responds to the Plaintiff's

First Amended Complaint as follows:

1.      Defendant admits the allegations contained in paragraph 1 of Plaintiff's First

Amended Complaint.

2.      Defendant admits the allegations contained in paragraph 2 of Plaintiff's First

Amended Complaint.

3.      Defendant admits the allegations contained in paragraph 3 of Plaintiff's First

Amended Complaint.

4.      Defendant admits the allegations contained in paragraph 4 of Plaintiff's First

Amended Complaint.

5.      Defendant admits the allegations contained in paragraph 5 of Plaintiff's First

Amended Complaint.

6.     Defendant admits the allegations contained in the first sentence of paragraph 6 of Plaintiff's First Amended Complaint.  Defendant further admits that the second sentence of paragraph 6 is a direct quote from 18 U.S.C. § 921(a)(3).   Defendant denies any remaining allegations contained in paragraph 6 of Plaintiff's First Amended Complaint.

7.     Defendant admits that paragraph 7 of Plaintiff's First Amended Complaint accurately quotes 18 U.S.C. § 921(a)(24).  Defendant denies any remaining allegations contained in paragraph 7 of Plaintiff's First Amended Complaint.

8.     Defendant admits the allegations contained in paragraph 8 of Plaintiff's First Amended Complaint.

9.     Defendant admits the allegations contained in paragraph 9 of Plaintiff's First Amended Complaint.

10.     Defendant admits that the term "muzzle break" does not appear in either 18 U.S.C. § 921(a)(3) or 18 U.S.C. § 921(a)(24); that it is a device for the purpose of reducing the recoil from firing a gun; and that the provisions of the GCA do not apply to devices that are classified as muzzle breaks.  Defendant denies the remaining allegations contained in paragraph 10 of Plaintiff's First Amended Complaint.

11.     Defendant admits that the plaintiff claims to have designed a muzzle break for commercial sale to the general public and that it reduces recoil and muzzle rise.  Defendant is without sufficient knowledge or information to admit or deny the truth of the allegations regarding the marketability of the muzzle break and whether it will generate profit and, on that basis, denies those allegations.  Defendant denies the remaining allegations contained in paragraph 11 of Plaintiff's First Amended Complaint.

12. Defendant denies the allegations contained in the first sentence of paragraph 12 of Plaintiff's First Amended Complaint. Defendant admits that if a device is classified as a firearm silencer, it is subject to certain legal requirements regarding marking, record keeping and transfers. Defendant denies the remaining allegations contained in the second sentence of paragraph 12 of Plaintiff's First Amended Complaint. The defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in the third sentence of paragraph 12 and, on that basis, denies them.

13. Defendant admits the allegations contained in paragraph 13 of Plaintiff's First Amended Complaint.

14. Defendant admits that the allegations contained in paragraph 14 of Plaintiff's First Amended Complaint are Plaintiff's summary of the referenced April 4, 2013 letter. Defendant refers the Court to the actual April 4, 2013 letter as that document speaks for itself. Defendant denies any remaining allegations contained in paragraph 14 of Plaintiff's First Amended Complaint.

15. Defendant admits that the Firearms Technology Branch (FTB) of the ATF responded by letter dated August 26, 2013 and that the allegations contained in paragraph 15 of Plaintiff's First Amended Complaint constitute Plaintiff's summary of the referenced August 26, 2013 letter. Defendant refers the Court to the actual August 26, 2013 letter as that document speaks for itself. Defendant denies any remaining allegations contained in paragraph 15 of Plaintiff's First Amended Complaint.

16. Defendant admits that it received a December 6, 2013 letter from Plaintiff and that the allegations contained in paragraph 16 of Plaintiff's First Amended Complaint constitute Plaintiff's summary of the referenced December 6, 2013 letter. Defendant refers the Court to the

actual December 6, 2013 letter as that document speaks for itself. Defendant denies any

remaining allegations contained in paragraph 16 of Plaintiff's First Amended Complaint.

17.    Defendant admits that the allegations contained in paragraph 17 of Plaintiff's First

Amended Complaint further reference the December 6, 2013 letter which speaks for itself.

Defendant denies any remaining allegations contained in paragraph 17 of Plaintiff's First

Amended Complaint.

18.    With respect to paragraph 18 of Plaintiff's First Amended Complaint, Defendant

denies that the plaintiff identified a number of one-piece units with machined slots or ports that

are similar to the device at issue that are being marketed as muzzle breaks. Defendant admits

that the remaining allegations contained in paragraph 18 constitute Plaintiff's summary of the

referenced December 6, 2013 letter. Defendant refers the Court to the actual December 6, 2013

letter as that document speaks for itself. Defendant denies any remaining allegations contained

in paragraph 18 of Plaintiff's First Amended Complaint

19.    Defendant admits that the allegations contained in paragraph 19 of Plaintiff's First

Amended Complaint constitute Plaintiff's further summary of the referenced December 6, 2013

letter. Defendant refers the Court to the actual December 6, 2013 letter as that document speaks

for itself. Defendant denies any remaining allegations contained in paragraph 19 of Plaintiff's

First Amended Complaint.

20.    Defendant admits that the FTB responded by letter dated February 21, 2014 and

that the allegations contained in paragraph 20 of Plaintiff's First Amended Complaint constitute

Plaintiff's characterization of the referenced February 21, 2014  letter. Defendant refers the

Court to the actual February 21, 2014 letter as that document speaks for itself. Defendant denies

any remaining allegations contained in paragraph 20 of Plaintiff's First Amended Complaint.

21.     Defendant admits that the allegations contained in paragraph 21 of Plaintiff's First Amended Complaint constitute Plaintiff's characterization of the referenced February 21, 2014 letter.  Defendant refers the Court to the actual February 21, 2014 letter as that document speaks for itself.  Defendant denies any remaining allegations contained in paragraph 21 of Plaintiff's First Amended Complaint.

22.     Defendant admits the allegations contained in paragraph 22 of Plaintiff's First Amended Complaint.

23.     Defendant admits that an undated letter was sent to Plaintiff from Earl Griffith, Chief, ATF Firearms Technology Branch, reaffirming Defendant's earlier decision.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's receipt of that letter and, on that basis, denies that allegation.  Defendant denies any remaining allegations contained in paragraph 23 of Plaintiff's First Amended Complaint.

24.     Defendant admits that the allegations contained in paragraph 24 of Plaintiff's First Amended Complaint constitute Plaintiff's characterization of the referenced Griffith letter. Defendant refers the Court to the actual Griffith letter as that document speaks for itself. Defendant denies any remaining allegations contained in paragraph 24 of Plaintiff's First Amended Complaint.

25.     Defendant admits that the allegations contained in paragraph 25 of Plaintiff's First Amended Complaint constitute Plaintiff's characterization of the referenced Griffith letter. Defendant refers the Court to the actual Griffith letter as that document speaks for itself. Defendant denies any remaining allegations contained in paragraph 25 of Plaintiff's First Amended Complaint.

26.     Defendant admits that ATF did not dispute the device's diminished recoil and muzzle rise.  Defendant denies the remaining allegations in paragraph 26 of Plaintiff's First Amended Complaint.

27.     Defendant admits the allegations contained in paragraph 27 of Plaintiff's First Amended Complaint.

28.     Defendant admits that the allegations contained in the first three sentences of paragraph 28 of Plaintiff's First Amended Complaint constitute Plaintiff's characterization of the Shawver and Lessard declarations.  Defendant refers the Court to the Shawver and Lessard declarations as those documents speak for themselves.  Defendant admits that transfers of short-barreled rifles require approval by and registration with ATF together with a payment of a $200 transfer fee, and that ATF approval is required for a dealer to sell and transport such rifles in interstate and foreign commerce.  Defendant denies any remaining allegations contained in paragraph 28 of Plaintiff's First Amended Complaint.

29.     Defendant admits that the Plaintiff claims to be attempting to create a rifle with a rifled portion of the barrel at 6.5" in length and avoiding having a rifled portion of the barrel longer than 11" in length.  Defendant denies any remaining allegations contained in paragraph 29.

30.     Defendant admits that adding a device that extends barrel length generally reduces the recoil and muzzle rise of a firearm.  Defendant denies any remaining allegations contained in paragraph 30 of Plaintiff's First Amended Complaint.

31.     Defendant admits that the Plaintiff claims this is their intent.  Defendant denies any remaining allegations contained in paragraph 31 of Plaintiff's First Amended Complaint.

32.     Defendant admits that the addition of other parts may effectively reduce the sound of a firearm.  Defendant denies the remaining allegations contained in paragraph 32 of Plaintiff's First Amended Complaint.

33.     Defendant admits the ATF transmitted its final decision via letter dated October 2, 2014 signed by Earl Griffith, Acting Chief, FTB, and that the allegations contained in the first, second and third sentences of paragraph 33 of Plaintiff's First Amended Complaint constitute Plaintiff's characterization of that October 2, 2014 letter.  Defendant refers the Court to the actual October 2, 2014 letter as that document speaks for itself.  Defendant denies the remaining allegations contained in paragraph 33, specifically, that ATF failed to identify any evidence to contradict Sig Sauer's stated intent that it designed and intends that its device be used as a muzzle brake.

34.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's First Amended Complaint regarding the market which exists for the at-issue device, when and how Plaintiff would market the device, and what type of profit Plaintiff might realize from the sale of the device and, on that basis, denies those allegations.  Defendant denies the remaining allegations contained in paragraph 34 of Plaintiff's First Amended Complaint.

35.     The responses to paragraphs 1 through 34 are incorporated herein.

36.     Defendant admits that the allegations contained in paragraph 36 contain material quoted from 5 U.S.C. §§ 702 and 704.  Defendant denies any remaining allegations contained in paragraph 36 of Plaintiff's First Amended Complaint.

37.     Defendant admits that the allegations contained in paragraph 37 contain material quoted from 5 U.S.C. §551(13) and (4).  Defendant denies any remaining allegations contained in paragraph 37 of Plaintiff's First Amended Complaint.

38.     Defendant admits the allegations contained in paragraph 38 of Plaintiff's First Amended Complaint.

39.     Defendant denies the allegations contained in paragraph 39 of Plaintiff's First Amended Complaint.

40.     The responses to paragraphs 1 through 39 are incorporated herein.

41.     Defendant denies the allegations contained in paragraph 41 of Plaintiff's First Amended Complaint.

42.     Defendant admits that the allegations contained in paragraph 42 contain material quoted from 28 U.S.C. §2201(a).  Defendant denies any remaining allegations contained in paragraph 42 of Plaintiff's First Amended Complaint.

43.     Defendant admits the allegations contained in the first sentence of paragraph 43 of Plaintiff's First Amended Complaint.  Defendant denies the allegations contained in the second sentence of paragraph 43 of Plaintiff's First Amended Complaint.

Defendant denies each and every allegation of Plaintiff's First Amended Complaint to the extent the allegation has not been explicitly or specifically admitted.

### AFFIRMATIVE DEFENSE

•     ATF's classification of the plaintiff's device as a silencer within the meaning of 18 U.S.C. § 921(a)(24) is correct, reasonable, in accordance with the law, considered all relevant data and thus was not arbitrary and capricious.

Therefore, Defendant requests that the Court dismiss this action with prejudice and that it be awarded its costs.

Respectfully submitted,

JOHN P. KACAVAS
United States Attorney

/s/ T. David Plourde

By:_____

T. David Plourde
Assistant U.S. Attorney
Chief, Civil Division
NH Bar No. 2044
53 Pleasant Street, 4th Floor
Concord, NH 03301
603-225-1552
david.plourde@usdoj.gov

October 20, 2014

CERTIFICATE OF SERVICE

I certify that on this 20th day of October, 2014, a copy of the above Answer was served, via the ECF System, on Mark C. Rouvalis, Esq., counsel for the plaintiff.

/s/ T. David Plourde

_____

T. David Plourde, AUSA