IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

SIG SAUER, INC.                )
                               )
    Plaintiff,                 )
                               )
v.                             )    No. 1:14-cv-00147-PB
                               )
B. TODD JONES, Director, Bureau of  )
Alcohol, Tobacco, Firearms and Explosives, )
                               )
    Defendant.                 )

REPORT OF PARTIES' PLANNING MEETING
Fed. R. Civ. P. 26(f), LR 26.1

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1, the parties submit the following discovery and litigation plan.

DATE/PLACE OF MEETING:

Electronic, telephonic and U.S. Mail correspondence completed by November 10, 2014.

COUNSEL REPRESENTING:

Stephen P. Halbrook, Esquire and Mark Rouvalis, Esquire, counsel for Plaintiff Sig Sauer, Inc.

T. David Plourde, Assistant U.S. Attorney, for Defendant B. Todd Jones, Director, Bureau of Alcohol, Tobacco, Firearms and Explosives.

CASE SUMMARY

THEORY OF LIABILITY:

Plaintiff challenges a decision from the Bureau of Alcohol, Tobacco, Firearms and Explosives, Firearms Technology Branch (ATF), pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et seq., and 18 U.S.C. § 921(a)(24) on the grounds that the FTB's decision is arbitrary, capricious, and otherwise not in accordance with the law.  Specifically, Sig Sauer

challenges the ATF's decision finding that its muzzle brake, a device that reduces recoil and muzzle rise when a rifle is fired, is a "part intended only for use in . . . assembly or fabrication" of a firearm silencer or firearms muffler within the meaning of 18 U.S.C. § 921(a)(24), thereby limiting its marketability and subjecting it to the taxation and registration requirements applicable to a silencer.

THEORY OF DEFENSE:

Defendant denies that its classification decision was arbitrary, capricious or not in accordance with the applicable law.  ATF's classification of the plaintiff's device as a silencer within the meaning go 18 U.S.C. § 921(a)(24) is correct, reasonable, in accordance with the law, considered all of the relevant data and, thus, was not arbitrary and capricious.

DAMAGES:

Plaintiff seeks the setting aside of the agency action and a declaratory judgment by this Court that the muzzle brake at issue is not any part intended only for use in assembly or fabrication or a firearm silencer or firearm muffler within the meaning of 18 U.S.C. § 921(a)(24) as well as any other relief, including costs and attorney's fees, as appropriate.

DEMAND:

The parties agree that this is a record review case and a demand is not appropriate.

OFFER:

The parties agree that this is a record review case and an offer is not appropriate.

JURISDICTIONAL QUESTIONS:

The parties do not anticipate any jurisdictional questions.

QUESTIONS OF LAW:

The primary question of law in this case is whether the defendant's underlying decision in this case was arbitrary, capricious or otherwise contrary to law. Specific questions of law will be set forth in the parties' motions for summary judgment.

TYPE OF TRIAL:

Because an appeal of an agency's determination is a record review case, it is typically resolved on motions and no trial is necessary. Should the Court determine a trial is appropriate, Plaintiff is entitled to a bench trial.

## DISCOVERY

TRACK ASSIGNMENT:

Administrative - 6 months.

The parties agree that this case should be assigned to the administrative track, with the expectation that the matter will be ready for trial approximately 6 months after the preliminary pretrial conference scheduled for December 16, 2014.

DISCOVERY NEEDED:

The parties agree that this is a record review case and discovery is not appropriate. See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 419-20 (1971), abrogated on other grounds by Califano v. Sanders, 430 U.S. 99 (1977); see also Fl. Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985).

MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):

The parties agree that this is a record review case and discovery, including mandatory disclosures, is not appropriate. However, the administrative record in this case has been filed

with the court and available to both parties. The parties anticipate filing an agreed-upon index to supplement the administrative record.

ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):

The parties agree that this is a record review case and discovery is not appropriate.

STIPULATION REGARDING CLAIMS OF PRIVILEGE:

The parties agree that this is a record review case and discovery is not appropriate.

COMPLETION OF DISCOVERY:

The parties agree that this is a record review case and discovery is not appropriate.

INTERROGATORIES:

The parties agree that this is a record review case and discovery is not appropriate..

REQUESTS FOR ADMISSION:

The parties agree that this is a record review case and discovery is not appropriate.

DEPOSITIONS:

The parties agree that this is a record review case and discovery is not appropriate.

DISCLOSURE OF EXPERTS AND EXPERTS'
WRITTEN REPORTS AND SUPPLEMENTATIONS:

The parties agree that the use of expert witnesses in this record review case is not appropriate.

CHALLENGES TO EXPERT TESTIMONY:

The parties agree that the use of expert witnesses in this record review case is not appropriate.

## OTHER ITEMS

DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:

    None.

JOINDER OF ADDITIONAL PARTIES:

    None

THIRD-PARTY ACTIONS:

    None

AMENDMENT OF PLEADINGS:

    None

DISPOSITIVE MOTIONS:

| | |
|---|---|
| Plaintiff's Motion for Summary Judgment: | January 9, 2015 |
| Defendant's Motion for Summary Judgment | January 9, 2015 |
| Defendant's Objection to Plaintiff's Motion for Summary Judgment: | February 9, 2015 |
| Plaintiff's Objection to Defendant's Motion for Summary Judgment: | February 9, 2015 |
| Plaintiff's Reply to Defendant's Objection to Plaintiff's Motion for Summary Judgment: | March 1, 2015 |
| Defendant's Reply to Plaintiff's Objection to Defendant's Motion for Summary Judgment: | March 1, 2015 |

JOINT STATEMENT RE MEDIATION:

    Settlement of this matter is not possible.

WITNESSES AND EXHIBITS:

Because this is a record review case, the parties do not anticipate a trial in this matter. However, to the extent trial is required, the parties agree that the pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) will be made in the final pretrial statements submitted ten days before the final pretrial conference.

TRIAL ESTIMATE:

Because this is a record review case, the parties do not anticipate a trial in this matter.

TRIAL DATE:

Because this is a record review case, the parties do not anticipate a trial in this matter.

PRELIMINARY PRETRIAL CONFERENCE:

The parties agree that a preliminary pretrial conference is not necessary in this case prior to the entry of the scheduling order.

OTHER MATTERS:

None at this time.

Respectfully submitted,

| | |
|---|---|
| SIG SAUER, INC. | JOHN P. KACAVAS |
| By counsel | United States Attorney |

/s/ Stephen P. Halbrook /s/ T. David Plourde
_____ By:_____

Stephen P. Halbrook, Pro Hac Vice T. David Plourde, No. 2044
Suite 403                        Assistant U.S. Attorney
3925 Chain Bridge Road           Chief, Civil Division
Fairfax, VA 22030                53 Pleasant Street, 4th Floor
(703) 352-7276                   Concord, NH 03301
(703) 359-0938 (fax)             (603) 225-1552
protell@aol.com                  david.plourde@usdoj.gov

Dated: December 2, 2014          Dated: December 2, 2014


/s/ Mark C. Rouvalis
_____
Mark C. Rouvalis, No. 6565
City Hall Plaza
900 Elm Street
Manchester, NH 03101
(603) 628-1329
(603) 625-5650 (fax)
mark.rouvalis@mclane.com

Dated: December 2, 2014


/s/ Kenton J. Villano
_____
Kenton J. Villano, No. 21220
City Hall Plaza
900 Elm Street
Manchester, NH 03101
(603) 628-1329
(603) 625-5650 (fax)
kenton.villano@mclane.com

Dated: December 2, 2014