IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SIG SAUER, INC.,<br>    Plaintiff<br><br>        v.<br><br>B. TODD JONES,<br>    Defendant | )<br>)<br>)<br>)  Civil Action No. 1:14-cv-00147-PB<br>)<br>)<br>) |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REQUEST FOR ORAL ARGUMENT**

Plaintiff Sig Sauer, Inc. ("Sig Sauer"), by counsel, pursuant to Fed.R.Civ.P. 56(a), hereby moves this Honorable Court for summary judgment. In support of this motion, Sig Sauer states as follows:

1. Sig Sauer has brought this action for judicial review under the Administrative Procedure Act and for declaratory relief regarding whether a device designed and intended for use as a muzzle brake to reduce recoil in the discharge of a rifle is, despite this intent, a "part intended *only* for use" in the assembly or fabrication of a firearm silencer in the meaning of 18 U.S.C. § 921(a)(24). Based on the plain statutory text and controlling First Circuit precedent, *United States v. Crooker*, 608 F.3d 94 (1st Cir. 2010), Sig Sauer contends that the device does not come within that definition, and is not a silencer. Sig Sauer is entitled to judgment as a matter of law that its muzzle brake device is not a silencer.

2. Sig Sauer has designed a muzzle brake that reduces both recoil and muzzle rise when a shot is discharged. It does not silence, muffle, or diminish the report of a firearm, and Sig Sauer has repeatedly made clear that it is not a part intended only for use in assembly of a

silencer.  Defendant ATF does not dispute any of these facts.  The statutory text and legislative purpose of 18 U.S.C. § 921(a)(24) make clear that a muzzle brake, functioning as a muzzle brake, is not a "part intended only for use" in assembly or fabrication of a silencer, even if it could be converted to a silencer by the addition of other parts.  In fact, controlling precedent in the First Circuit precludes the application of the terms "any part intended only for use" in a silencer to a muzzle brake.  *Crooker* and other cases focus on intent, and find that where a complete device could be adapted for use as a silencer, but is not solely "for" that purpose, it is not a silencer.

   3. As set forth in detail in the accompanying memorandum of law, Sig Sauer submitted the subject muzzle brake to the Firearms Technology Branch ("FTB") of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") for classification and subsequently requested reconsideration of the decision. The FTB has issued four classification letters, each time asserting that it has determined the device to be a silencer.  Each time, FTB failed to articulate an explanation for its classification that was in accordance with the law.  FTB has even acknowledged the use of the device as a muzzle brake, yet still concluded that it is a "part intended *only* for use" in assembling or fabricating a silencer.   FTB's decision, which constitutes final agency action by ATF, was arbitrary, capricious, and not in accordance with the law.

   4. ATF has, at this juncture, considered the classification of Sig Sauer's muzzle brake on at least four separate occasions, both before and after suit was filed, after the dispositive *Crooker* case was brought to its attention, and once on a requested remand.  Each time, the agency came to the same incorrect determination, classifying the device as a silencer, even while admitting that the muzzle brake increases (not decreases) the decibel level of the rifle shot.  It is

clear that the agency has not followed, and will not follow, the law, and that a further remand in this case would be a futile endeavor. A determination by this Court is necessary to grant Sig Sauer the relief to which it is entitled.

5. In support of this motion, and pursuant to Local Rule 7.1(a)(2), Sig Sauer submits the attached Memorandum of Law, which includes citations to the administrative record, supporting declarations, and other exhibits. An oral hearing on this matter is requested.

WHEREFORE, Plaintiff Sig Sauer, Inc. respectfully requests that this Court:

(A) Grant summary judgment in favor of Sig Sauer;

(B) Hold unlawful and set aside the FTB's determination, which is final agency action by ATF, as being arbitrary and capricious, and not in accordance with law;

(C) Issue a declaratory judgment that the muzzle brake at issue is not a firearm silencer or firearm muffler in the meaning of 18 U.S.C. § 921(a)(24); and

(D) Grant such other and further relief as may be just, equitable, and appropriate.

|  |  |
|---|---|
| Date:  January 9, 2015 | Respectfully submitted,<br><br>SIG SAUER, INC.<br><br>By counsel<br><br>/s/ Stephen P. Halbrook<br>Stephen P. Halbrook, *Pro Hac Vice*<br>Suite 403<br>3925 Chain Bridge Road<br>Fairfax, VA 22030<br>(703) 352-7276<br>(703) 359-0938 (fax)<br>protell@aol.com<br><br>/s/ Mark C. Rouvalis<br>Mark C. Rouvalis, NH Bar No. 6565<br>Kenton J. Villano, NH Bar No. 21220<br>City Hall Plaza<br>900 Elm Street<br>Manchester, N.H. 03101<br>(603) 628-1329<br>(603) 625-5650 (fax)<br>mark.rouvalis@mclane.com<br>kenton.villano@mclane.com<br><br>Counsel for Sig Sauer, Inc. |

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed by the ECF system and served on all counsel of record electronically as a result thereof on the 9th day of January, 2015.

/s/ Mark C. Rouvalis
Mark C. Rouvalis