IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SIG SAUER, INC. )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>B. TODD JONES, Director, Bureau of )<br>Alcohol, Tobacco, Firearms and Explosives, )<br>)<br>    Defendant. )<br>_____) | No. 1:14-cv-00147-PB |

**DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

The parties filed cross-motions for summary judgment on January 9, 2015, DN 18, 19, and cross objections to those motions on February 9, 2015.  DN 20, 22.  Plaintiff's arguments have been addressed in defendant's previous filings.  However, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) replies briefly to the following points in plaintiff's objection to defendant's motion for summary judgment.

**II.    THE OUTER TUBE**

Conventional muzzle brakes are shorter than the plaintiff's submission, AR 822, for a simple reason:  additional length is unnecessary to reduce recoil because the blast from the firearm bleeds off quickly, after the first three to four inches.  AR 850.  A silencer requires additional length to permit increased capture of sound waves and thus a greater reduction in sound.[1]  AR 821.  While muzzle brakes *may* be encased, their purpose is served without being so

---

[1] The plaintiff argues that its submission does not decrease sound and requires other parts to do so, and thus does not meet the statute's definition of silencer, DN 20 at 7.  As stated in the defendant's earlier submissions, there is no requirement in the statutory definition that a part or parts decrease sound.  DN 19 at 11.

encased.  Here, by contrast, the plaintiff's submission is designed to be encased, not only as shown by the threading, ledge or shoulder at the back of the core, AR 715, 822, and the extended hand guard, AR 301-02, 822, 847-49, but also by the fact that the additional length is essentially meaningless for its use as a muzzle brake.[2]  See AR 676.  That silencer *devices* "generally" include "an outside cover," DN 20 at 4, is of no moment because the plaintiff's submission has always been considered to be a silencer "part," not the entire device.  If an outer tube was required with every part or combination thereof in order to be subject to NFA silencer regulation, as Plaintiff suggests, the statute's regulation of "parts" and "combinations of parts" would be rendered superfluous.  No monolithic baffle core could ever be a regulated silencer part.

Plaintiff contends that ATF's argument that the submission, when combined with an end cap and outer tube, newly relies on the statute's "parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer," 18 U.S.C. § 921(a)(24), section and constitutes a "post hoc argument of counsel."  DN 20 at 3.  To the contrary, however, the classification letter specifically states the "submission is a monolithic baffle core, which when combined with an outer tube are 'parts,'" see AR 814, 677 clearly establishing ATF's reliance on that provision of the statute.

---

[2] That the plaintiff admits that the device was designed to avoid the requirements of the National Firearms Act (NFA), Pl. Obj. at 8, and that this alone shows a "dual purpose" demonstrates the absurdity of the plaintiff's interpretation, i.e. by attempting to avoid the NFA, we've successfully avoided the NFA.  Moreover, the plaintiff cannot have it both ways:  they cannot chide ATF for "disregard[ing] … the length" of the muzzle brake, Pl. Obj. at 5, while arguing ATF should not be able to consider the length of the submission. Pl. Obj. at 8.  As stated in Defendant's Motion for Summary Judgment at page 19, the length and appearance of a part is a legitimate consideration.  See Gilbert Equip. Co. v. Higgins, 709 F. Supp. 1071, 1076 (S. D. Ala. 1989), aff'd, 894 F.2d 412 (11th Cir. 1990).

### III. INTENT IS RELEVANT

Plaintiff further suggests that ATF ignores the "intent" discussion in the First Circuit's decision in United States v. Crooker, DN 20 at 10, and is arguing for an "objective, no-intent test." Id. at 11. Crooker plainly states that intent is relevant, and is hardly ignored in ATF's argument. Plaintiff reads into the Crooker opinion things that simply aren't there. Crooker in no way speaks to how to determine intent nor does it direct that a manufacturer is the sole arbiter of intent.

Moreover, Plaintiff in incorrect when stating that there is "no evidence in the record that the consumer to whom Sig Sauer would market the product would generally purchase it with the intent of obtaining other parts and assembling or fabricating a silencer." DN 20 at 9. To the contrary, there appear to be several consumers who will purchase it for just that reason. See AR 626, 632, 720-21. And they have encouragement from the plaintiff. See AR 628, 637, 676, 715 ("Imminent Threat Solutions has an image of the suppressor can next to the MPX-C barrel . . . the threading at the end of the muzzle brake is plain as day."), 722 ("SIG claims that you could buy a shroud for the brake later . . . a part they will happily sell you down the road.")

### IV. THE STANDARD OF REVIEW IS DEFERENTIAL

While possibly "simplistic," it is well settled that under the Administrative Procedure Act (APA), the standard of review is deferential. See City of Pittsfield, Mass. v. U.S. E.P.A, 614 F.3d 7, 10 -11 (1st Cir. 2010) ("Where, as here, the petitioner's challenge to the agency's action questions the agency's construction of its own regulations, our review is 'particularly deferential.' Indeed, we must give 'controlling weight' to the agency's interpretation 'unless it is plainly erroneous or inconsistent with the regulation.'") (internal citations omitted). That the

Plaintiff also brought this action under the Declaratory Judgment Act does not somehow modify the standard of review under the APA, nor does Plaintiff cite any case law to suggest such a modification.  In fact, "the operation of the Declaratory Judgment Act is procedural only." Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).  A plaintiff's "claim under the Declaratory Judgment Act provides only a form of action through which it may obtain judicial review available under the APA.  See 5 U.S.C. § 703 ("The form of proceeding for judicial review is ... any applicable form of legal action, including actions for declaratory judgments."). Consequently, "in determining whether [a plaintiff] is entitled to declaratory relief, the Court applies the same standard of review applicable to claims under the APA." Community Bank of Sullivan County v. First National Bank of Jeffersonville, 125 F. Supp. 2d 659, 663 n.1 (S.D.N.Y. 2000).

      Additionally, the plaintiff argues that the ATF import classification cases cited involved "no criminal implications," and are therefore inapposite.  DN 20 at 21.  This is not an accurate statement.  It is "unlawful for any person knowingly to import or bring into the United States … any firearm or ammunition; and it shall be unlawful for any person knowingly to receive any firearm or ammunition which has been imported or brought into the United States" except "as provided in section 925(d)."  18 U.S.C. § 922(l).  Therefore, the classification of a firearm as not suitable for sporting purposes does in fact have criminal implications for those who possess such a firearm.  Consequently, the cited cases are instructive.  Moreover, there are only criminal implications for an individual who possesses an *unregistered* silencer.  26 U.S.C. § 5861.  The fact that an item is classified as a silencer does not mean it is unlawful to possess, only that its possession must comply with the NFA.

## V. CONCLUSION.

While Plaintiff disagrees with the classification of its submission as a silencer, that is not the standard of review under the APA, nor does reasoned debate about ATF's construction of the statute render it irrational, arbitrary, or capricious under the APA. The classification was reasonable and supported by a rational basis: the manufacturer's stated intent as a muzzle brake, the manufacturer's own indicia of intent showing the item to be a silencer, and the submission's objective design features, which are consistent with a well-recognized silencer part known as a monolithic baffle stack. To overturn the classification would be to make the label a manufacturer affixes to an item controlling and allow incidental effects to render the statute meaningless.

    Respectfully submitted,

    JOHN P. KACAVAS
    United States Attorney

    T. David Plourde
    Chief, Civil Division

    By: /s/ William J. Ryan
    William J. Ryan
    Special Assistant U.S. Attorney
    District of New Hampshire
    Office of Chief Counsel
    Bureau of Alcohol, Tobacco, Firearms and Explosives
    244 Needy Road, Room 1119
    Martinsburg, WV 25405-9431
    304-260-1509
    William.J.Ryan2@usdoj.gov

Dated: March 2, 2015

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this 2nd day of March, 2015, a copy of the above Reply to Plaintiff's Objection to Defendant's Motion for Summary Judgment was served this date, via the ECF System on Mark C. Rouvalis, Esq.; Kenton Villano, Esq.; and Stephen P. Halbrook, Esq., counsel for the plaintiff.

    /s/ William J. Ryan
    _____

    William J. Ryan, SAUSA